# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIRK MARKULY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-01053-SEP |
| BEACON HILL STAFFING GROUP, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Charter Communications' Motion to Compel Arbitration and Motion to Dismiss. Doc. [16]. For the reasons set forth below, the Court grants the motion in part.

Plaintiff Kirk Markuly alleges that his employers, including Defendant Charter Communications, discriminated against him due to his age and disability in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055. *See* Doc. [5]. Charter moves to compel arbitration. Doc. [16]. Markuly has not responded to the motion, and the time for doing so has passed. *See* E.D. Mo. L.R. 4.01(B).

When Markuly applied to work for Charter he was presented with notification that:

> Charter requires that all legal disputes involving employment with Charter or application for employment with Charter, be resolved through binding arbitration. Charter believes that arbitration is a fair and efficient way to resolve these disputes. Any person who submits an application for consideration by Charter agrees to be bound by the terms of Charter's Mutual Arbitration Agreement, where the person and Charter mutually agree to submit any covered claim, dispute or controversy to arbitration. By submitting an application for consideration you are agreeing to be bound by the Agreement.

Doc. [16-3] at 2. The notification includes links to Charter's Mutual Arbitration Agreement (Agreement). *Id.* The Agreement provides that the parties mutually agree to arbitrate:

> all disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which you or Charter have an alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as tort, contract, common law, or statutory claims (whether under local, state or federal law).

Doc. [16-4] at 2.  The Agreement purports to apply to claims for "unlawful discrimination or harassment (including such claims based upon race, color, national origin, sex, pregnancy, age, religion, sexual orientation, disability, and any other prohibited grounds)," as well as "claims for unlawful retaliation," and "claims for unlawful termination." *Id.*  Markuly agreed to those terms. Doc. [16-2] at ¶ 14; Doc. [16-6] at 7.

## STANDARD

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001).  The FAA mandates broad enforcement of arbitration provisions:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

The FAA establishes a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).  Accordingly, "courts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. *Id.*  Still, "[a] matter should not be sent to arbitration unless there is a valid agreement to arbitrate and the underlying dispute falls within the scope of that agreement." *Northport Health Servs. of Ark., LLC v. Posey*, 930 F.3d 1027, 1030 (8th Cir. 2019) (quoting *Telectronics Pacing Sys., Inc. v. Guidant Corp.*, 143 F.3d 428, 433 (8th Cir. 1998)).  "While 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[,] . . . a party who has not agreed to arbitrate a dispute cannot be forced to do so.'" *Id.* (quoting *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001)).

Before compelling arbitration, a district court must determine: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *Robinson v. EOR-ARK, LLC,* 841 F.3d 781, 783–84 (8th Cir. 2016) (quoting *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004)). The court, rather than the arbitrator, decides substantive questions of arbitrability unless the parties "clear[ly] and unmistakabl[y]" delegated an issue to the arbitrator. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citations omitted). Because "arbitration is simply a matter of contract," state-law contract principles govern the validity of an arbitration agreement. *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (citations omitted). "If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." *Id.* (citing *Faber*, 367 F.3d at 1052).

The Eighth Circuit has instructed that a motion to compel arbitration should be "analyzed under a standard akin to [a motion for] summary judgment." *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 741 (8th Cir. 2014). Accordingly, a court must view the evidence in the light most favorable to the non-moving party, resolving all factual disputes in the non-movant's favor. *Id.* at 743. The court may not compel arbitration where there is any genuine issue of material fact as to whether a valid arbitration agreement exists. *Id.*

## DISCUSSION

Markuly failed to respond to the motion and thus does not dispute the validity of the arbitration clause contained in the Agreement, as set out above. Nor does Markuly dispute that the claims at issue here fall under the Agreement. Based on the evidence presented and the lack of response from Markuly, the Court concludes that a valid arbitration agreement exists and that the claims at issue in this case fall within that agreement. *See Robinson*, 841 F.3d at 783-84. Thus, the Court compels arbitration.

Charter asks the Court to award attorneys' fees if it compels arbitration, but it fails to address whether the power to award fees rests with the Court or with the arbitrator. Doc. [16-1] at 8-9. Because the Agreement leaves to the arbitrator "all disputes related to the arbitrability of any claim or controversy," Doc. [16-4] at 2, the Court leaves to the arbitrator the question of which decision-maker has the power to award fees.

When the Court compels arbitration, "[t]he [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v.*

3

*SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3).  The Eighth Circuit has acknowledged "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration," *id.* at 669-70, but this case does not appear to fall within that exception.  Because the fees issue could return to this Court, and because Charter has not addressed the significance of Defendant Beacon Hill Staffing Group LLC's presence in this suit, the Court stays the case pending arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Charter Communication's Motion to Compel Arbitration and Motion to Dismiss, Doc. [16], is **GRANTED IN PART** and the case is **STAYED** pending arbitration.  The Rule 16 conference set for February 1, 2023, is **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall provide a joint status report regarding the progress of arbitration proceedings no later than February 24, 2023, and shall submit a notice updating the Court no later than ten (10) days after the conclusion of such proceedings.

Dated this 21st day of December, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4